# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ELEANOR O. FRANKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-CV-2734 NAB |
| NICHOLAS A. FRANKE, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Defendant's Motion to Transfer Case to the Central District of California pursuant to 28 U.S.C. § 1404(a) and Plaintiff's Motion to Dismiss Defendant's Petition for Removal and/or Motion to Remand to State Court. [Docs. 9, 13.]

Plaintiff originally filed this Petition for Dissolution of Marriage in the 21st Judicial Circuit of St. Louis County, Missouri on April 6, 2017. [Doc. 2.] Defendant removed the action to this court on November 18, 2017, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Defendant then filed a Motion to Transfer the Case to the Central District of California and Plaintiff filed a Motion to Dismiss or Remand. In a subsequent pleading, Defendant also stated that "Defendant consents to the dismissal of this action as Plaintiff requests pursuant to Federal Rule of Civil Procedure 12(b)(1)[2]." [Doc. 14 at 1.]

The Court will grant Plaintiff's Motion to Remand. This Court is required to remand an action if it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). This Court does not have jurisdiction over cases arising under family law, including any action for which the

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 16.]
[2] Federal Rule 12(b)(1) addresses the dismissal of actions for lack of subject matter jurisdiction.

subject is a divorce, allowance of alimony, or child custody. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citing *Barber v. Barber*, 62 U.S. 582, 584 (1858)). "The domestic relations exception, as explained in *Kahn*, precludes subject matter jurisdiction over this case." *Wallace v. Wallace,* 736 F.3d 764 (8th Cir. 2013).

Although Defendant concedes that this case should be dismissed for lack of subject matter jurisdiction, Defendant also argues that instead of remanding this action to the court in St. Louis County, the Court should transfer this case to federal court in California, because of his counterclaim against Plaintiff under the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g). The Court will deny this request for two reasons. Although district courts have original jurisdiction of all civil actions under the Constitution, law, or treaties of the United States, the "well-pleaded complaint" rule governs whether a case "arises under federal law for purposes of 28 U.S.C. § 1331." *Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 830 (2002). Federal jurisdiction generally exists only when a federal question is presented on the face of *plaintiff's* properly pleaded complaint. *Id.* at 831 (emphasis in original). "It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint- cannot serve as the basis for 'arising under' jurisdiction." *Id.* In *Holmes*, the U.S. Supreme Court expressly stated that it declined to "transform the long standing well-pleaded complaint rule into the 'well-pleaded complaint or counterclaim rule.'" Therefore, Defendant's "injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court." *Farmers Coop. Elevator v. Doden*, 946 F.Supp. 718, 728 (N.D. Iowa 1996). Second, "a court without subject matter jurisdiction cannot transfer a case to another court." *Klett v. Pim*, 965 F.2d 587, 591 n. 7 (8th Cir. 1992). This case was not removable, therefore, the Court has no authority to transfer this case where the Court

lacks subject matter jurisdiction and Defendant inserted a counterclaim based on federal law. Because the face of Plaintiff's complaint involves a request for dissolution of marriage and child custody, the Court will remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Petition for Removal and/or Motion to Remand to State Court is **GRANTED**. [Doc. 13.]

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**. [Doc. 9.]

An Order of Remand shall accompany this Memorandum and Order.

Dated this 12th day of January, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE